IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| USHEALTH GROUP, Inc. and USHEALTH ADVISORS, LLC<br><br>Plaintiffs,<br><br>v.<br><br>US HEALTH EXCHANGE LLC,<br><br>Defendant. | Civil Action No. 4:18-cv-823<br><br>JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT

Plaintiffs USHEALTH Group, Inc. ("USHG") and USHEALTH Advisors, LLC ("USHA," and together with USHG, "Plaintiffs") by and through their undersigned counsel, hereby files this Original Complaint against US Health Exchange LLC ("Defendant") and in support thereof respectfully states as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff USHEALTH Group, Inc. is a Delaware corporation with its principal office located in Fort Worth, Tarrant County, Texas.

2. Plaintiff USHEALTH Advisors, LLC is a Texas limited liability company with its principal office located in Fort Worth, Tarrant County, Texas.

3. Defendant US Health Exchange LLC is a Florida limited liability company with a principal place of business at 9100 NW 36TH Street, Suite 110, Miami, FL 33178 and can be served through its registered agent, Manuel Fernandez at 814 Ponce De Leon Blvd., Suite 419, Coral Gables, FL 33134.

4. This Court has original jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) and (b) as it involves claims presenting federal questions under 15 U.S.C. § 1121(a)

(actions arising under the Lanham Act have original jurisdiction in federal courts). This Court also has supplemental jurisdiction over the Texas and Florida statutory and common law claims under 28 U.S.C. §§ 1338(b) and 1367(a) because these claims are so related to the claims under which the Court has original jurisdiction that it forms part of the same case and controversy under Article III of the United States Constitution.

5. This Court has personal jurisdiction over Defendant because Defendant regularly conducts and solicits business within the State of Texas and in the Northern District of Texas (this "District"); Defendant, directly and/or through intermediaries, offers for sale, sells, and/or advertises insurance coverages and policies to consumers and retailers in the State of Texas and in this District; and Defendant committed acts of infringement and unfair competition in the State of Texas and in this District.

Venue is proper in this District under 28 U.S.C. § 1391 (b)(1), (b)(2) and (c)(2) because this Court has personal jurisdiction over Defendant in this District, and a substantial part of the events or acts giving rise to the claims occurred in this District in that Defendant has transacted business in this District, has committed acts of trademark infringement and unfair competition in this District, and has harmed Plaintiffs, which resides in this District.

## SUBSTANCE OF THE ACTION AND FACTUAL BACKGROUND

6. USHG is an insurance holding company, as that term is generally known and understood under the Texas Insurance Code, operating under the "USHEALTH" brand since at least February 2006. Through its subsidiaries of Freedom Life Insurance Company of America and National Foundation Life Insurance (collectively, the "USHEALTH Companies"), USHG is dedicated to providing innovative Life, Specified Disease/Sickness, Accident and Disability Insurance solutions for self-employed individuals, families, small business owners and their

employees.

7. USHG, with its family of companies, offers its Specified Disease/Sickness, Life and supplemental products through its wholly-owned subsidiary, USHA. USHA has operated under the "USHEALTH" brand since at least April 2011.

8. In the complex world of health insurance, Plaintiffs' customers are assured of an exceptional buying experience anchored by the guidance of a licensed and trusted USHA Agent, who must meet specific product training and certification standards before being authorized to represent the USHEALTH Companies' products.

9. Plaintiffs' commitment to personal attention has made USHA a recognized world leader for business growth, innovation and customer care. Every day, more and more individuals, families and small business owners are turning to USHA and the USHEALTH Companies to fulfill their insurance coverage needs.

10. In addition to common law trademark rights, USHG owns the following U.S. federal registrations for USHEALTH and variants thereof (collectively, the "USHG Marks") in the United States Patent and Trademark Office ("USPTO") for:

| MARK | REGISTRATION NO. | GOODS |
|---|---|---|
| USHEALTH® GROUP | Reg. No. 3,346,463 | Class 36: Insurance underwriting services in the field of health |
| USHEALTH GROUP® | Reg. No. 5,477,418 | Class 36: Insurance services, namely, underwriting, issuance and administration of health insurance |

11. Registration No. 3,346,463 was filed on March 4, 2005 and registered on December 22, 2006.

12. Registration No. 5,477,418 was filed on June 14, 2017, registered on March 21, 2018.

13. In addition to common law trademark rights, USHA owns the following U.S. federal registrations for USHEALTH and variants thereof (collectively, the "USHA Marks")[1] in the United States Patent and Trademark Office ("USPTO") for:

| **MARK** | **REGISTRATION NO.** | **GOODS** |
|---|---|---|
| | Reg. No. 5,538,393 | Class 36: Insurance agencies; Insurance consultancy; Insurance consultation; Insurance information |
| USHEALTH ADVISORS® | Reg. No. 5,494,137 | Class 36: Insurance agencies; Insurance consultancy; Insurance consultation; Insurance information |
| | Reg. No. 5,370,076 | Class 36: Insurance agencies; Insurance consultancy; Insurance consultation; Insurance information |

14. Registration No. 5,538,393 was filed on June 14, 2017 and registered on May 29, 2018.

15. Registration No. 5,494,137 was filed on June 14, 2017, registered on April 10, 2018.

16. Registration No. 5,370,076 was filed on June 14, 2017, registered on January 2, 2018.

[1] The USHG Marks and USHA Marks are collectively referred to herein as the USHEALTH Marks

17. Since 2006 and 2011 respectively, USHG and USHA have extensively and continuously used the USHEALTH Marks to identify insurance coverages and policies throughout the United States.

18. Years after Plaintiffs acquired prior protectable rights in the USHEALTH Marks, Defendant started the unauthorized use of the brand US Health Exchange in U.S. commerce and in connection with the sale of insurance coverages and policies. Such unauthorized use of the USHEALTH Marks continues to this day.

19. Defendant is in the business of marketing and distributing health and life insurance coverages and polices, including but not limited to limited medical plans, medicare, supplemental plans, association based health offerings, dental, all life insurance & annuity lines.

20. Upon information and belief, Defendant advertises and conducts sales of these insurance coverages and policies throughout the United States, and in each and every state, including within the state of Texas.

21. Defendant's electronic mail advertising is targeted to newly licensed insurance agents in this District.

22. For example, Defendant contacted one of USHA's agents via the following electronic mail advertising:




23. Defendant's agents compete for the same and/or substantially similar individuals seeking health and life insurance coverage.

24. Upon information and belief, Defendant adopted and used the brand US Health Exchange in order to trade off Plaintiffs' established brand recognition and goodwill, and the same has been broadcast to the public in commercial advertising by Defendant.

25. Defendant is responsible for openly and actively advertising, both in this District and throughout the United States.

26. In addition to the confusingly similar brand, Defendant recently employed a confusingly similar stylized logo, compared below to USHA's mark (Reg. No. 5,538,393):

27. Similarly, Defendant's recently employed stylized logo is confusingly similar to USHG's mark, as shown below:

28. Defendant's infringing marks look and sound the same or substantially the same to the USHEALTH Marks.

29. Defendant's infringing marks and the USHEALTH Marks are marketed to exactly the same group of consumers, namely individuals seeking health and life insurance.

30. Defendant's infringing marks and the USHEALTH Marks are broadcast to consumers in exactly the same locations.

31. Defendant's infringing marks and the USHEALTH Marks are for the exact same services, namely health and life insurance coverages and policies.

32. Plaintiffs have at no time granted to Defendant any permission or license to use the USHEALTH Marks.

33. The use of the USHEALTH Marks by Defendants is unauthorized and without permission.

34. Defendant's conduct harms Plaintiffs and their trademark rights and has, and is, causing damage to Plaintiffs needlessly.

35. This public offering for sale of competing goods and services under the infringing marks by Defendant is and has been without the consent, permission or authority of Plaintiffs, as Defendant has no legitimate rights in or licenses to the USHEALTH Marks.

36. Defendant's infringing marks have been used by Defendant and offered to the public utilizing this District as a forum for Defendant's infringing activities with actual and/or constructive knowledge that neither are genuine nor authorized by Plaintiffs.

37. Defendant engaged in the widespread, regular and systematic transaction of business under the infringing marks.

38. Defendant committed tortious acts in Texas, including within this District, and is subject to the jurisdiction of this Court.

39. By using the infringing marks and offering services and goods for sale thereunder, Defendant, on a widespread basis, misrepresented and falsely described to the general public the origin and source of Defendant's goods and services so as to deceive the public and deliberately create the likelihood of consumer confusion, which can include, but is not limited to, initial interest confusion and "reverse confusion" as that term is recognized under the law.

40. By using the infringing marks, and offering goods for sale thereunder, Defendant has caused and continues to cause mistake, or to deceive the consuming public as to the affiliation, connection, or association of Defendant with Plaintiffs, or as to the origin, sponsorship, or approval of Defendant's goods and services, or commercial activities by the ultimate purchaser as to both the source and sponsorship of Defendant's goods and services.

41. Upon information and belief, Defendant's goods and services offered under the infringing marks, to the extent that they are not the genuine article of Plaintiffs and not fully authorized by Plaintiffs, are or may be inferior in quality to the goods and services authorized to be sold by Plaintiffs, and the sale thereof has, does, and will continue to damage and dilute the goodwill Plaintiffs have developed in connection with offering legitimate, authorized goods and services under the USHEALTH Marks.

42. This is amplified by Defendant's troubling inclusion of the term "exchange" in connection with the USHEALTH Marks. Throughout United States, health insurance marketplaces, also called health exchanges, are organizations in each state through which individuals may purchase health insurance coverage that complies with the Patient Protection and Affordable Care Act (the "<u>ACA</u>").[2]

[2] The ACA is commonly referred to as Obamacare.

43. As of January 2018, there were twelve state-based marketplaces, five state-based marketplaces that used the federal platform, six state-federal partnership marketplaces, and twenty-eight federally-run marketplaces.

44. By invoking the term “exchange” in connection with the USHEALTH Marks, Defendants have inferred that Defendants are associated with the federal and state run health exchanges. Due to the likelihood of confusion, Plaintiffs will also be inferred to falsely advertise an improper association with the federal and state run health exchanges. This inference could lead to costly inquiries and examinations by various state Departments of Insurance.

45. Defendant, upon information and belief and with full knowledge of the notoriety of Plaintiffs’ USHEALTH Marks, intended to, and did, trade on the goodwill associated with Plaintiffs, and misled and will continue to confuse, deceive and mislead the public in this regard.

46. Defendant advertised, distributed, offered for sale, and/or sold in the state of Texas and in interstate commerce, related goods and services under the infringing marks, thus creating the likelihood of confusion, deception, and mistake as to the source, affiliation, connection, or association of the Plaintiffs’ genuine services, or as to the origin, sponsorship, or approval of Defendant’s goods, services or commercial activities.

47. For each of the above reasons, Defendant’s advertising, sale and distribution of health insurance coverages and policies in U.S. commerce and under the infringing marks, which are sold in direct competition with Plaintiffs’ health insurance coverages and policies sold under the USHEALTH Marks, are likely to cause confusion, or to cause mistake, or to deceive and mislead as to the source, origin, sponsorship or approval of Defendant’s goods and suggest that Defendant has or its goods have an affiliation, sponsorship with or approval by Plaintiffs, which it does not have.

48. Plaintiffs bring this action to obtain injunctive relief to stop Defendant's ongoing illegal trademark use, infringement, unfair competition, and dilution of Plaintiffs' USHEALTH Marks and to seek damages sustained by Plaintiffs as a result of Defendant's unlawful actions, plus attorneys' fees, costs and other relief.

## COUNT ONE

### Infringement of a Federally Registered Trademark
### 15 U.S.C. § 1114(1)(a)

49. Plaintiffs incorporate herein and reallege all previous paragraphs of their Complaint.

50. Defendant's acts, as alleged herein, with respect to Defendant's infringement of Plaintiffs' USHEALTH Mark, are likely to cause public confusion, mistake, or deception, and constitute trademark infringement in violation of 15 U.S.C. § 1117.

51. Defendant's acts, as alleged herein, have caused irreparable injury and damage to Plaintiffs and, unless restrained, will continue to do so.

52. As a result, Plaintiffs have suffered damages with interest.

53. Plaintiffs are also entitled to injunctive relief under 15 U.S.C. § 1116(a). Unless Defendant's unlawful conduct is enjoined, Plaintiffs have no adequate remedy at law for Defendant's wrongful conduct, because among other things, (a) Plaintiffs' USHEALTH Marks are unique and valuable property which have no readily determinable market value; (b) Defendant's infringement constitutes harm to Plaintiffs such that Plaintiffs could not be made whole by a monetary award, (c) if Defendant's wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin, or authenticity of the infringing health insurance coverages and policies, as well as a nonexistent association with the federal and state run health exchanges, and (d) Defendant's wrongful conduct, and the resulting

damage to Plaintiffs, is continuing and ongoing, since Defendant currently sells health insurance coverages and policies under the infringing marks.

54. Upon information and belief, Defendant's actions have been willful and deliberate within the meaning of the Lanham Act and amount to exceptional circumstances, justifying an award of attorneys' fees to Plaintiffs under 15 U.S.C. § 1117.

**COUNT TWO**

**Federal Unfair Competition and False Designation of Origin 15 U.S.C. § 1125**

55. Plaintiffs incorporate herein and reallege all previous paragraphs of their Complaint.

56. Defendant's acts, as alleged herein, and specifically, without limitation, Defendant's use in U.S. commerce of the confusingly similar infringing marks in the distribution, marketing, promotion, offering for sale, and sale of health insurance coverages and policies constitute unfair competition and false designations of origin and false descriptions or representations, of which is likely to cause confusion, mistake or deception in violation of 15 U.S.C. § 1125.

57. Defendant's acts, as alleged herein, have caused irreparable injury and damage to Plaintiffs and, unless restrained, will continue to do so.

58. As an actual and proximate cause of Defendant's conduct, Plaintiffs have suffered damages, as well as the continuing loss of the goodwill and reputation established by Plaintiffs in the USHEALTH Marks in an amount to be determined at trial. Plaintiffs are entitled to recover from Defendant all damages sustained due to Defendant's improper conduct, and Defendant's profits from its improper conduct, in an amount to be proven at trial, and to be trebled, under 15 U.S.C. § 1117.

59. Unless Defendant is permanently enjoined, Plaintiffs will continue to suffer irreparable harm and damage to their business, reputation, and goodwill. Plaintiffs have no adequate remedy at law for Defendant's wrongful conduct, because among other things, (a) Plaintiffs' USHEALTH Marks are unique and valuable property which have no readily determinable market value; (b) Defendant's infringement constitutes harm to Plaintiffs such that Plaintiffs could not be made whole by a monetary award, (c) if Defendant's wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin, or authenticity of the infringing health insurance coverages and policies, as well as a nonexistent association with the federal and state run health exchanges, and (d) Defendant's wrongful conduct, and the resulting damage to Plaintiffs, is continuing and ongoing, since Defendant currently sells health insurance coverages and policies under the infringing marks.

60. Upon information and belief, Defendant has gained profits by virtue of its infringement to the USHEALTH Marks.

61. Defendant's actions have been knowing, willful and deliberate and amount to exceptional circumstances, justifying an award of attorneys' fees to Plaintiffs under 15 U.S.C. § 1117.

## COUNT THREE

### Texas Common Law Unfair Competition

62. Plaintiffs incorporate herein and reallege all previous paragraphs of their Complaint.

63. Plaintiffs are in the business of developing and offering health insurance policies and coverages throughout the United States, including products identified by the USHEALTH Marks. Plaintiffs developed and offers such products through the investment of extensive time, labor, skill, and money.

64. Defendant's actions described above and specifically, without limitation, Defendant's use in U.S. commerce of the confusingly similar marks, in direct competition with Plaintiffs, in the distribution, marketing, promotion, offering for sale, and sale of health insurance policies and coverages. Such wrongful conduct wrongfully trades on Plaintiffs' long-standing and hard-earned goodwill in their USHEALTH Marks and the reputation established by Plaintiffs in connection with their products, passes-off Defendant's products in commerce as that of Plaintiffs, and limits Plaintiffs' ability to interact with distributors and end user consumers and gain revenue through the sale of goods using the USHEALTH Marks.

65. As a result of Defendant's unlawful use in commerce of the infringing marks, which are confusingly similar to the USHEALTH Marks, consumers are likely to be misled, deceived and confused as to the origin, sponsorship, or affiliation of Defendant's insurance policies and coverages.

66. Defendant's unauthorized and tortious conduct also has deprived and will continue to deprive Plaintiffs of the ability to control the consumer perception of the products offered for sale and sold under their USHEALTH Marks, placing the valuable reputation and goodwill of Plaintiffs in the hands of Defendant.

67. By engaging in the aforesaid acts, Defendant is unfairly competing with Plaintiffs by gaining a special advantage in the marketplace. In particular, Defendant's conduct has enabled Defendant to earn profits to which Defendant is not in law, equity or good conscience entitled, and has unjustly enriched Defendant because Defendant is burdened with little or none of the expenses that Plaintiffs incurred in developing and promoting the USHEALTH products.

68. Defendant's tortious and unlawful actions in promoting and selling their own products in direct competition with Plaintiffs interfered with Plaintiffs' ability to conduct business

and caused Plaintiffs to suffer damages in an amount to be proven at trial.

69. Defendant's tortious and unlawful actions in promoting and selling its own products in direct competition with Plaintiffs was intentional, which entitles Plaintiffs to exemplary damages under Texas Civil Practice & Remedies Code § 41.003(a).

70. Defendant's tortious and unlawful actions in promoting and selling its own products in direct competition with Plaintiffs will continue to damage Plaintiffs, causing irreparable harm for which there is no adequate remedy at law, unless Defendant is enjoined by this Court.

## COUNT FOUR

**Trademark Dilution by Blurring**
**Tex. Bus. & Com. Code § 16.103**

71. Plaintiffs incorporate herein and reallege all previous paragraphs of their Complaint.

72. Plaintiffs are the owners of all rights and title to, and has valid and protectable prior rights to the USHEALTH Marks.

73. The USHEALTH Marks are famous in the state of Texas as they are widely recognized by the public throughout the Fort Worth area, and in Texas as a whole, as a designation of the source of Plaintiffs' products.

74. The USHEALTH Marks are distinctive, having been federally registered since at least 2006, and by virtue of Plaintiffs' long and continuous use and promotion of the USHEALTH Marks in the Fort Worth area, and in Texas as a whole, since at least as early as 2006.

75. The USHEALTH Marks became famous prior to Defendant's use of the infringing marks.

76. Defendant's use of the infringing marks in connection with its own products constitutes knowing and willful trademark dilution in violation of Texas Business & Commerce Code § 16.103 in that such use is likely to blur the distinctive quality of the USHEALTH Marks.

77. Defendant's actions, as described above, has caused, and unless enjoined by this Court, will continue to cause irreparable harm, loss, and injury to Plaintiffs for which Plaintiffs have no adequate remedy at law, which entitles Plaintiffs to an injunction under Texas Business & Commerce Code § 16.103(c).

78. Defendant's actions, as described above, were willful, which entitles Plaintiffs to damages under Texas Business & Commerce Code § 16.103(c), enhanced damages under Texas Business & Commerce Code § 16.104(c)(1), and reasonably attorneys' fees under Texas Business & Commerce Code § 16.104(c)(2).

## COUNT FIVE

**Florida Trademark Infringement**
**Florida Statutes § 495.151**

79. Plaintiffs incorporate herein and reallege all previous paragraphs of their Complaint.

80. Defendant's acts, as alleged herein, constitute an infringement of Plaintiffs' rights in and to their trade name as set forth in Florida Statutes § 495.151 *et seq*.

81. Defendant's acts, as alleged herein, have caused irreparable injury and damage to Plaintiffs, and, unless restrained, will continue to do so.

82. As a result, Plaintiffs have suffered damages with interest.

83. Plaintiffs have no adequate complete remedy at law.

84. Unless Defendant is permanently enjoined, Plaintiffs will continue to suffer irreparable harm and damage to their business, reputation, and goodwill. Plaintiffs have no

adequate remedy at law for Defendant's wrongful conduct, because among other things, (a) Plaintiffs' USHEALTH Marks are unique and valuable property which have no readily determinable market value; (b) Defendant's infringement constitutes harm to Plaintiffs such that Plaintiffs could not be made whole by a monetary award, (c) if Defendant's wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin, or authenticity of the infringing health insurance coverages and policies, as well as a nonexistent association with the federal and state run health exchanges, and (d) Defendant's wrongful conduct, and the resulting damage to Plaintiffs, is continuing and ongoing, since Defendant currently sells health insurance coverages and policies under the infringing marks.

## COUNT SIX

### Florida Deceptive and Unfair Trade Practices
### Florida Statutes § 501.204 *et seq.*

85. Plaintiffs incorporate herein and reallege all previous paragraphs of their Complaint.

86. Defendant's deceptive, unfair and commercially exploitive acts, as alleged herein, were in bad faith and are in violation of the Florida Deceptive and Unfair Trade Practices Act, in violation of Florida Statutes § 501.204, *et seq*.

87. Defendant's acts, as alleged herein, have caused irreparable injury to Plaintiffs, and, unless restrained, will continue to do so.

88. As a result, Plaintiffs have suffered damages with interest.

89. Plaintiffs have no adequate, complete remedy at law.

90. Unless Defendant is permanently enjoined, Plaintiffs will continue to suffer irreparable harm and damage to their business, reputation, and goodwill. Plaintiffs have no adequate remedy at law for Defendant's wrongful conduct, because among other things, (a)

Plaintiffs' USHEALTH Marks are unique and valuable property which have no readily determinable market value; (b) Defendant's deceptive and unfair trade practices constitute harm to Plaintiffs such that Plaintiffs could not be made whole by a monetary award, (c) if Defendant's wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin, or authenticity of the infringing health insurance coverages and policies, as well as a nonexistent association with the federal and state run health exchanges, and (d) Defendant's wrongful conduct, and the resulting damage to Plaintiffs, is continuing and ongoing, since Defendant currently sells health insurance coverages and policies under the infringing marks.

## COUNT SEVEN

### Florida Injury to Business Reputation and Dilution
### Florida Statutes § 495.151 *et seq.*

91. Plaintiffs incorporate herein and reallege all previous paragraphs of their Complaint.

92. Defendant's acts, as alleged herein, have caused, and are likely to cause, damage to Plaintiffs by tarnishing Plaintiffs' valuable reputation and by diluting the distinctiveness of Plaintiffs' USHEALTH Marks in violation of Florida Statutes § 495.151 *et seq*.

93. Defendant's acts, as alleged herein, have caused irreparable injury to Plaintiffs, and, unless restrained, will continue to do so.

94. As a result, Plaintiffs have suffered damages with interest.

95. Plaintiffs have no adequate, complete remedy at law.

96. Unless Defendant is permanently enjoined, Plaintiffs will continue to suffer irreparable harm and damage to their business, reputation, and goodwill. Plaintiffs have no adequate remedy at law for Defendant's wrongful conduct, because among other things, (a)

Plaintiffs' USHEALTH Marks are unique and valuable property which have no readily determinable market value; (b) Defendant's acts constitute harm to Plaintiffs such that Plaintiffs could not be made whole by a monetary award, (c) if Defendant's wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin, or authenticity of the infringing health insurance coverages and policies, as well as a nonexistent association with the federal and state run health exchanges, and (d) Defendant's wrongful conduct, and the resulting damage to Plaintiffs, is continuing and ongoing, since Defendant currently sells health insurance coverages and policies under the infringing marks.

## DEMAND FOR JURY TRIAL

97. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all claims and issues triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays:

1. That the Court award judgment to Plaintiffs on all counts of the Complaint;

2. That Plaintiffs be granted injunctive relief under 15 U.S.C. § 1116(a), Texas Business & Commerce Code § 16.103(c), and Texas and Florida common law enjoining Defendant, its officers, agents, servants, employees, and attorneys and those other persons who are in active concert or participation with any of the foregoing persons, from:

(a) developing, manufacturing, importing, using, marketing, selling, offering for sale, distributing nutritional and energy supplements under Defendant's infringing marks, or any variant thereof which is a colorable imitation of or otherwise likely to be mistaken for or confused with Plaintiffs' USHEALTH Marks;

(b) otherwise infringing or diluting upon Plaintiffs' USHEALTH Marks or using any other trademarks that are confusingly similar to the USHEALTH Marks or

making any other unlawful use of the USHEALTH Marks; and

(c) otherwise unfairly competing with Plaintiffs or using any false designation of origin or false description or engaging in any deceptive trade practice, or trading off of Plaintiffs' reputation or goodwill, or injuring Plaintiffs' reputation with consumers and regulators or performing any act which is likely to lead members of the consuming public or state insurance regulators to believe that any product manufactured, imported, distributed, offered for sale, or sold by Defendant is in any matter associated or connected with Plaintiffs, or is licensed, sponsored, approved, or authorized by Plaintiffs;

3. That Defendant and any subsidiaries and affiliates be required to take prompt, affirmative action within thirty (30) days of entry of order or judgment to:

(a) withdraw from the public and destroy any health insurance coverages policies and any advertisements or promotional materials which contain or use the infringing marks or any confusingly similar marks, in relation to Defendant's business in the United States; and

(b) file affidavits with the Court confirming that these actions have been taken under 15 U.S.C. § 1116;

4. That Plaintiffs have a judgment against Defendant for any and all profits derived by Defendant and all damages sustained by Plaintiffs by reason of the acts hereinabove complained of and that the damages be trebled under 15 U.S.C. § 1117 and/or Texas Business & Commerce Code § 16.104(c)(1), and/or enhanced under Texas Civil Practice & Remedies Code § 41.003(a), due to the willful and deliberate nature of Defendant's actions;

5. That Plaintiffs have judgment against Defendant for Plaintiffs' reasonable costs and attorneys' fees under 15 U.S.C. § 1117(a) and/or Texas Business & Commerce Code

§ 16.104(c)(2), or as otherwise permitted by law; and

6. That the Court grant such other relief as it deems just and equitable.

Dated: October 5, 2018

Respectfully submitted,

*/s/ R. Casey O'Neill*

R. Casey O'Neill
State Bar No. 24079077
Oneillc@oneill-jacksonlaw.com
**O'Neill & Jackson**
300 Burnett Street, Suite 210
Fort Worth, Texas 76102
817/878-3333
817/878-3672 (facsimile)

*Attorney for Plaintiffs*